IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-HC-2158-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| KENDRICK R. DOUGLAS, | ) | |
| | ) | |
| Respondent. | ) | |

This case comes before the court on the parties' joint proposal (D.E. 38) for acceptance of the respondent's waiver of his right to a commitment hearing and consent to be committed as a sexually dangerous person pursuant to 18 U.S.C. § 4248. The parties have also filed under seal a Stipulation of Facts and Waiver of Hearing and Consent to Civil Commitment ("Stipulation of Facts") (D.E. 37). It sets out, among other things, the purported factual basis for respondent's hearing waiver and consent to commitment, his admission that he meets the criteria for civil commitment, his waiver of his right to a commitment hearing, and his request to be committed pursuant to 18 U.S.C. § 4248. (*Id.* ¶ 6, ¶ 9, ¶ 10, ¶ 11, p. 6). On 18 November 2011, in accordance with the referral of the presiding Chief District Judge (*see* Minute Entry after D.E. 38) and the written consent of the parties (D.E. 41), the undersigned conducted a hearing to determine whether the court should accept respondent's hearing waiver and consent to commitment.

Respondent was present at the hearing, along with his counsel and counsel for the government. The court confirmed through direct questioning of respondent under oath and, where appropriate, questioning of counsel, the following matters, among others: respondent's competence to proceed with the hearing; his understanding of his right to a commitment hearing under 18 U.S.C.

§§ 4247(d) and 4248(c), and the consequences of commitment; his understanding of and agreement to the Stipulation of Facts, including the waiver of his right to a commitment hearing and agreement to commitment provided for therein; his satisfaction with the services his counsel has provided him; the absence of any promise or assurance to respondent to induce him to waive his right to a commitment hearing or to agree to commitment; the absence of any attempt to force him to waive his right to a commitment hearing or to agree to commitment; and the existence of an independent basis in fact for respondent's commitment, as set forth in the Stipulation of Facts.

During the hearing, the court granted respondent's request for time to submit proposals regarding prison accommodations for his disability to include in the commitment order. Respondent submitted his proposals to the undersigned's chambers, which were subsequently filed (*see* D.E. 42). The court has considered the proposals. Respondent has not shown that he is entitled in this litigation to any relief he seeks in his proposals, and the court does not believe that any of the proposals are appropriately included in the commitment order.

The court also rejects respondent's request in the Stipulation of Facts that the commitment order contain a directive that the "Government shall comply with the 'Periodic Report and Information' requirements in 18 U.S.C. § 4247(e) and the Respondent, *pro se* or through counsel, may request a hearing for the court to determine whether he can be transferred to the State of Texas or that he should be discharged pursuant to 18 U.S.C. §§ 4247(h) and 4248(e)." (Stip. of Facts ¶ 13). The court presumes that the government is aware of its statutory obligations and no directive is needed in the commitment order to preserve any right respondent may have to request the hearing he describes.

2

Based on the proceedings at the hearing, the court FINDS that respondent is fully competent to waive his right to a commitment hearing and to consent to commitment under 18 U.S.C. § 4248; he is aware of the nature of commitment under 18 U.S.C. § 4248 and the consequences thereof; he knowingly and voluntarily waives his right to a commitment hearing under 18 U.S.C. §§ 4247(d) and 4248(c), and consents to commitment under 18 U.S.C. § 4248; there exists an independent basis in fact containing each of the essential elements for commitment under 18 U.S.C. § 4248; and respondent is a sexually dangerous person within the meaning of 18 U.S.C. § 4247(a)(5).

IT IS THEREFORE RECOMMENDED that the court enter an order providing as follows:

1.     Respondent knowingly and voluntarily waives his right to a commitment hearing under 18 U.S.C. §§ 4247(d) and 4248(c), and consents to commitment under 18 U.S.C. § 4248.

2.     There exists an independent basis in fact containing each of the essential elements for commitment under 18 U.S.C. § 4248.

3.     Respondent is a sexually dangerous person within the meaning of 18 U.S.C. § 4247(a)(5).

4.     Respondent is hereby COMMITTED to the custody of the United States Attorney General as a sexually dangerous person pursuant to 18 U.S.C. § 4248(d).

IT IS ORDERED that the Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have until 21 December 2011 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the District Judge. Any response to objections is due no later than seven days after the filing of objections, but in no event later than 28 December 2011.

This, the 14th day of December 2011.

James E. Gates
United States Magistrate Judge

4