IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2158-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KENDRICK R. DOUGLAS, | ) | |
| | ) | |
| Respondent. | ) | |

Kendrick R. Douglas ("Douglas" or "respondent") is confined at the Federal Correctional Institution in Butner, North Carolina, awaiting a ruling on a petition for his commitment that the government filed pursuant to 18 U.S.C. § 4248 [D.E. 1]. On November 18, 2011, Magistrate Judge Gates conducted a hearing to determine whether the court should accept Douglas's hearing waiver and consent to commitment [D.E. 40]. On December 14, 2011, Judge Gates issued a memorandum and recommendation ("M&R") [D.E. 43]. In the M&R, Judge Gates recommended that the court grant the parties' joint proposal for acceptance of Douglas's waiver of his right to a commitment hearing and consent to be committed as a sexually dangerous person [D.E. 38], and order that Douglas be committed to the custody of the United States Attorney General. M&R 1, 3. Neither party objected to the M&R. On March 16, 2012, Douglas filed a consent motion requesting that the court enter its order ruling on the M&R nunc pro tunc to November 18, 2011 [D.E. 44]. Douglas states that he wishes "to protect his right to request the Court for a hearing to determine whether [Douglas] should be discharged from commitment 180 days after the Court's determination of

commitment" and wishes that the date of the hearing before Judge Gates be considered as his date of commitment. Resp't Mot. [D.E. 44] 1–2.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

There are no objections to the M&R, and the court finds no clear error on the face of the record. Therefore, the court adopts the M&R [D.E. 43]. The court GRANTS Douglas's motion [D.E. 44] and enters its order nunc pro tunc to November 18, 2011.

SO ORDERED. This 1 day of May 2012.

JAMES C. DEVER III
Chief United States District Judge